**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERNEST MARTINEZ** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 2 2 - 4 0 9 7** |
| **V.** | * | |
| | * | **JUDGE:** |
| **THE LINCOLN NATIONAL LIFE** | * | |
| **INSURANCE COMPANY** | * | **MAG.:** |
| **Defendant** | * | |

**COMPLAINT**

1. Plaintiff, Ernest Martinez ("Martinez") or ("Plaintiff"), brings this action against Defendant, The Lincoln National Life Insurance Company ("Lincoln") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by his employer, Axon Pressure Products, Inc.

2. Lincoln reviewed claims for benefits under the Plan.

3. This Complaint challenges the Defendant's: A) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Martinez's qualifications for said benefits; B) a pattern of rejecting and/or ignoring the substantial evidence supporting Martinez's eligibility for said benefits despite his disabling conditions; C) failure to provide Martinez with a full and fair review of his claim, and D) failure to provide a reasonable claims procedure that would yield a decision on the merits of Martinez's claim.

4. Martinez is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs,

attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6. Martinez is domiciled in Houma, Terrebonne Parish, Louisiana. He has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant has its principle place of business and registered office in Indiana.

8. Martinez is disabled due to severe back symptoms with radiculopathy, cervical disk displacement, and shoulder pain.

9. Martinez was paid long-term disability benefits for two years. After two years of benefits, Defendant terminated benefits, arguing the definition of the disability had changed under its policy and Martinez was required to show he could no longer perform any occupation.

10. Lincoln found Martinez could perform sedentary work despite his treating orthopedic surgeon stating he can no longer work based on his inability to sit for extended periods and for other reasons.

11. Martinez has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503, filing two appeals of the termination of his benefits.

12. Defendant failed to provide Martinez with a full and fair review of his claim for benefits.

13. Any discretion to which Lincoln is entitled under the Plan is negated by its failure to provide the Plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits. Further, per 28 Tex. ADC § 3.1201(c) and Tex. Ins. Code § 1701.062,

discretionary clauses are barred in disability insurance contracts for policies issued after 2012. The policy at issue in this case was issued in 2019, states that is was issued in Texas, and states that it is to be governed by the laws of Texas. Therefore, the Court's review should be *de novo* in this case.

14. The Defendant was motivated by its financial conflict of interest when it denied Martinez's benefits.

15. The decision to deny Martinez's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

16. Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost his rightful long- term disability benefits.

17. Martinez has also suffered emotional distress and an exacerbation of his physical condition as a result of Defendant's actions.

18. Having exhausted the administrative procedures provided by the Defendant, Martinez now brings this action.

**FIRST CAUSE OF ACTION**

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

19. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

20. The Plan is a contract.

21. Martinez has performed all of his obligations under the contract.

22. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

a. by a participant or beneficiary –

i. For the relief provided for in subsection (c) of this section, or

ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

23. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

24. Defendant unlawfully denied Martinez 's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Martinez a full and fair review of the decision to deny his benefits.

25. In accordance with 29 U.S.C. §1132, Martinez is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability.

26. The Defendant has refused to provide Martinez with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

27. As a direct and proximate result of this breach, Martinez has lost the principal and the use of his rightful long-term disability benefits.

**SECOND CAUSE OF ACTION**

(Attorneys' Fees and Costs)

28. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

29. Under the standards applicable to ERISA, Martinez deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

30. Defendant has the ability to satisfy the award.

31. Defendant acted in bad faith in denying Plaintiff's benefits under the Plan.

32. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## PRAYER FOR RELIEF

33 WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan retroactively and for the pendency of disability;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Award Plaintiff the costs of this action and reasonable attorneys' fees; and

d. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, JR. T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Ernest Martinez